**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>       v.<br><br>RODWELL SHERWIN ANDERSON,<br><br>    Defendant. | CR. NO. 06-030 (PG) |

**OPINION & ORDER**

Before the Court is defendant's "Motion to Dismiss Indictment" (Docket No. 17), on grounds that the charging document was filed in violation of the Speedy Trial Act ("STA" or "the Act"), 18 U.S.C. § 3161 et seq. For the reasons that follow, defendant's motion is **DENIED**.

**I. Background**

It is undisputed that on December 25, 2005, the defendant, a citizen of Guyana, arrived at the Luis Muñoz Marín International Airport in Puerto Rico from Saint Martin. Upon arrival, he applied for admission into the United States as a returning U.S. citizen under the assumed identity of one Robert Young. A review of computer records and of defendant's fingerprints revealed that his true name was Rodwell Sherwin Anderson, an alien who had been previously removed from this country following an aggravated felony conviction.

On December 26, 2005, the immigration authorities began the administrative process to remove defendant from the United States by drafting a Notice to Appear ("NTA"), the administrative charging document in immigration proceedings, which they issued and served upon defendant on December 27, 2005. (Docket No. 19-2). The NTA set out the relevant facts (Id. at 3), and advised defendant that he was subject to removal from the United States pursuant to several provisions of law. (Id. at 4).

CR. No. 06-030 (PG)                                                                         Page 2

Defendant elected not to expedite his removal by failing to waive his right to a ten-day period prior to appearing before an immigration judge. (Id. at 5). On December 27, 2005, Customs and Border Patrol ("CBP") Enforcement Officer Fernando Ruz-Bulerin completed a Record of Deportable/Inadmissible Alien (Docket No. 19-3), memorializing what had transpired on December 25, 2005, and indicating that an NTA had been served upon the defendant. (Id. at 2).

On January 20, 2006, defendant appeared before an Immigration Judge, who ordered his removal from the United States. (Docket No. 19-4). On January 27, 2006, the CBP Litigation Section sent defendant's alien file to the Deportation Section in order to begin removal proceedings. In the meantime, CBP Enforcement Officer Fernando Ruz was preparing the case for criminal prosecution. On January 26, 2006, a grand jury returned a three-count indictment charging defendant with violations of 8 U.S.C. §§ 1326(a) and (b)(2) and 18 U.S.C. §§ 1028(a)(4) and 911. (Docket No. 1).

## II. Discussion

The STA states that "[a]ny ...indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested...in connection with such charges." 18 U.S.C. § 3161(b). It further provides that "[i]f, in the case of any individual against whom a complaint has been filed charging such individual with an offense, no indictment...is filed within the time limit required by section 3161(b)...such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). The STA, however, applies only to criminal prosecutions, and its time limit is triggered only by an arrest "in connection with [a criminal] charge." 18 U.S.C. § 3161(b). It is well settled that "an arrest on civil charges by the INS [now ICE] ordinarily does not trigger the STA when criminal charges are later filed," United

CR. No. 06-030 (PG)                                                      Page 3

States v. Garcia-Martinez, 254 F.3d 16, 19 (1st Cir. 2001), unless the defendant proves "collusion or...that the detention was for the sole or primary purpose of preparing for criminal prosecution." Id. at 20.

In this case, contrary to defendant's importunements, there is absolutely no evidence of collusion between immigration and criminal authorities, or that his detention was for the sole or primary purpose of preparing for criminal prosecution. Aside from conclusory allegations, defendant points only to the fact that, in the Record of Deportable/Inadmissible Alien (Docket No. 19-3), "Agent Ruz seek [sic] a warrant of arrest and therefore handled the case from the very beginning as a CRIMINAL referral to the US Attorney." (Docket No. 20 at 1-2). Defendant omits, however, that the Record of Deportable/Inadmissible Alien actually reads: "Disposition: Warrant of Arrest/*Notice to Appear*." (Docket No. 19-3 at 1) (emphasis added). What is more, in the narrative section of the record, CBP Enforcement Officer Ruz noted that the defendant was "inadmissible to the US," and that an NTA had been served upon him. (Id. at 2).

The facts also pellucidly show that defendant's arguments do not hold water, as both the Record of Deportable/Inadmissible Alien dated December 27, 2005 (Docket No. 19-3) and the Notice to Appear served upon defendant on December 27, 2005 (Docket No. 19-2) evidence that immigration authorities had set in motion the deportation machinery. In fact, defendant had a deportation hearing on January 20, 2006 before an Immigration Judge, who ordered his removal from the United States. (Docket No. 19-4). A mere six days after the Immigration Judge's order, and before the administrative and bureaucratic deportation proceedings had concluded, a grand jury returned an indictment against the defendant. Even without going further, these facts make clear that immigration authorities neither colluded with criminal authorities, nor detained

CR. No. 06-030 (PG)                                                    Page 4

defendant for the sole or primary purpose of preparing for criminal prosecution. Concluding otherwise would be tantamount to holding that any time an illegal alien is under civil detention while a criminal investigation of him or her is conducted, this coincidence in time, without more, is evidence of collusion between immigration and criminal authorities. Such a holding would, quite simply, turn established precedent on its head.

Accordingly, because the defendant was not arrested for purposes of the STA until January 31, 2006, when he made his initial appearance on federal charges and was taken into the custody of the Marshal, his January 26, 2006 indictment was timely.

### III. Conclusion

For the reasons elucidated above, defendant's "Motion to Dismiss Indictment" (Docket No. 17) is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico, July 20, 2006.


                                        S/JUAN M. PEREZ-GIMENEZ
                                        U. S. DISTRICT JUDGE